# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01224 RPM-BNB

MIKE GARCIA,
SUSAN M. BANNING,
ROSALIE FERNANDEZ;
MONA GARCIA;
JULIO PAEZ;
RENEE E. OLMOS;
PATRICK ULIBARRI;
TERESA BENNS;
DIANA TWITE,
VAIL TWITE; and
JHONATHON CORTEZ

       Plaintiffs,

v.

TOWN OF CENTER, a Colorado municipal corporation;
BILL McCLURE, as an individual and in his capacity as the Town of Center Town Clerk and
Election Clerk;
MARY McCLURE;
ADELINE SANCHEZ, in her capacity as Mayor for the Town of Center and as an individual;
JENNIE SANCHEZ; and
ED GARCIA, in his capacity as Trustee and Assistant Town Clerk for the Town of Center, and
as an individual;

       Defendants.

---

## STIPULATION FOR PROTECTIVE ORDER

---

The Parties, by and through their undersigned counsel, stipulate and move the Court for a

Protective Order pursuant to Fed.R.Civ.P. 26(c) and as grounds therefore state as follows:

1.      The parties have respectively requested confidential information contained in Plaintiffs' and Defendants' respective phone records, and Defendants have requested Plaintiffs social security numbers during the course of depositions.  In addition, the parties anticipate seeking additional confidential information during discovery and that there may be questioning concerning confidential information in the course of depositions.  The parties assert that the disclosure of such information outside the scope of this litigation could result in injury to the business and privacy interest of one or more of the parties.  In order to protect the confidentiality of this information, the parties have entered into this stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2.      "Confidential Information" means all documents produced from Plaintiffs' or Defendants' phone records as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

3.      Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7).

4.      Confidential Information shall not be disclosed or used for any purposes outside of this litigation.  Individuals authorized to review Confidential Information pursuant to this

Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.      Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c)      the parties, including the parties' employees, officers, directors and Board members actively participating in the litigation of this case;

(d)      expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e)      the Court and its employees ("Court Personnel"):

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g)      other persons by written agreement of the parties.

6.      Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order.  All such original

affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.     When Confidential Information is produced, disclosed, or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by imprinting or affixing the work CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

8.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of certain information as CONFIDENTIAL within 14 days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document, or information as to which objection is made. The designating party shall respond within 14 days from receipt of such notice.  If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation.  The document or information

shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.     At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it Confidential, or the parties may elect to destroy CONFIDENTIAL documents.  If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all other parties with an affidavit confirming the destruction.

12.     The remedy for violations of this Protective Order shall be as follows:

(a)     For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

(b)     For non-willful violation of the Protective Order, the remedy is limited to sanctions as determined by the Court.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this 3rd day of April, 2009.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

STIPULATED AND AGREED TO BY:

_s/Matthew K. Hobbs___
Matthew K. Hobbs, Esq.
FARISH & HOBBS, P.C.
739 First Avenue
P.O. Box 430
Monte Vista, Colorado   81144
719-852-5101 (tel)
719-852-4833 (fax)
hobbs@farishlaw.com
ATTORNEY FOR PLAINTIFFS

STIPULATED AND AGREED TO BY:

_s/Meredith L. McDonald___
Mark C. Overturf
Meredith McDonald, Esq.
OVERTURF, McGATH, HULL &
DOHERTY, P.C.
626 E.16th Ave., Ste. 100
Denver, Colorado  80203
303-860-2848 (tel)
303-860-2869 (fax)
mco@omhdlaw.com
mlm@omhdlaw.com
ATTORNEYS FOR DEFENDANTS TOWN
OF CENTER, BILL McCLURE, ADELINE
SANCHEZ AND ED GARCIA

**CERTIFICATE OF SERVICE**

I certify that on April _____, 2009, this office served a true and correct copy of the foregoing **Stipulation for Protective Order** to following individuals via CM/ECF:

Mark C. Overturf, Esq.
Meredith L. McDonald, Esq.
625 E. 16th Avenue, Suite 100
Denver, Colorado   80203

_____